UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK SR.,<br><br>    Plaintiff,<br><br>    v.<br><br>XENIA HOTELS & RESORTS, INC.,<br><br>    Defendant. | Case No. 19-cv-03082-NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. No. 27 |

Plaintiff Peter Strojnik, Sr. sued defendant Xenia Hotels & Resorts, Inc. for violation of the American with Disabilities Act, California Unruh Civil Rights Act, California Disabled Persons Act, and for negligence. *See* Dkt. No. 1. Before the Court is Xenia's motion to dismiss for failure to establish Article III standing and to state a claim for relief. *See* Dkt. No. 27. After considering the party's briefings, the Court concludes that Strojnik fails to state a claim except as to the non-compliant doors at the hotel. Accordingly, the Court GRANTS Xenia's motion to dismiss in part and DENIES in part. The Court also DENIES Xenia's motion to declare Strojnik a vexatious litigant as premature.

**I.   Background.**

    **A.   Factual Allegations**

Plaintiff Peter Strojnik alleges that he is a disabled person who suffers from right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer, renal cancer, and a degenerative right knee. Dkt. No. 1 ("Compl.") ¶ 3. His ability to walk

is impaired and he occasionally suffers pain when walking. *Id.* ¶ 3. As a result, he requires "ambulatory and wheelchair assisted" lodging facilities. *Id.* ¶ 14.

Strojnik intended to visit the Santa Clara area and was looking for hotels online where he came across the Hyatt Regency Santa Clara owned by Xenia. *Id.* ¶ 15. He visited the hotel's website and found insufficient information to allow him to assess whether the hotel meets his accessibility needs. *Id.* ¶ 19. Moreover, he alleged that the website made reservations differently for guests who required accessible guest rooms than for guests who do not require such accommodations. *Id.* ¶ 20; *see also id.*, Ex. A (screenshots of website).

Strojnik also made a personal visit to the hotel and allegedly encountered architectural barriers. *Id.* ¶¶ 23-24, 21-39. The barriers included an unmarked drop-off zone, inaccessible check-in desks, lack of signage, inaccessible seating, non-compliant doors, and inadequate grab bars and handrails. *Id.*, Ex. A at 21–39.

These perceived violations prevented Strojnik's full and complete enjoyment of the hotel and caused him to book a room at another hotel. *Id.* ¶ 27. He intends to revisit Xenia's hotel when it becomes fully compliant with the ADA guidelines. *Id.* ¶12.

### B. Procedural Background

Strojnik filed his complaint against Xenia on June 4, 2019, for (1) violation of the Americans with Disabilities ("ADA"), (2) violation of the Unruh Act, (3) violation of the California Disabled Persons Act ("DPA"), and (4) negligence. *See* Dkt. No. 1. In response, the defendant filed the current motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. *See* Dkt. No. 27. All parties have consented to the jurisdiction of a magistrate judge. *See* Dkt. Nos. 8, 11.

## II. Legal Standard

### A. Federal Rule of Civil Procedure 12(b)(1)

Dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate when the complaint fails to establish the subject matter jurisdiction over the action. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Article III of the U.S constitution "limits

1 federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing." *Chandler v. State Farm Mut. Auto. Ins.*, 598 F.3d 1115, 1121 (9th Cir. 2010).

A plaintiff must demonstrate standing to sue by alleging the "irreducible constitutional minimum" of: (1) an "injury in fact"; (2) that is "fairly traceable to the challenged conduct of the defendants"; and (3) "likely to be redressed by a favorable decision." *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016). The specific element of injury in fact is satisfied when the plaintiff has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). At the motion to dismiss stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, [because] we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561, (1992) (quoting *Lujan v. National Wildlife Federation,* 497 U.S. 871, 889(1990)).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the most favorable light to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A complaint need not give detailed factual allegations but must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a court grants a motion to dismiss, the plaintiff should be given leave to amend unless the pleading could not possibly be cured by the allegation

3

of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**III. Discussion**

    **A.    Americans with Disabilities Act Claim**

        **1.    Standing**

Under the ADA, plaintiffs may sue only for injunctive relief. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)). To satisfy standing requirements for injunctive relief, plaintiffs must show a "real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).

In ADA cases, plaintiffs can establish standing "either by demonstrating deterrence, or . . . injury in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). ADA plaintiffs can establish standing if they personally encountered a non-compliant barrier related to their disability and there is "a sufficient likelihood that [they] will again be wronged in a similar way." *See Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). However, plaintiffs "need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury" when they have "actual knowledge of illegal barriers at a public accommodation to which [they] desire[] access." *Pickern*, 293 F.3d at 1135 (quoting 42 U.S.C. § 12188(a)(1)).

Likewise, an ADA plaintiff may also establish standing under the "deterrent effect" doctrine. *See Chapman*, 631 F.3d at 953. Under this doctrine, plaintiffs have standing "[s]o long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Pickern*, 293 F.3d at 1137. This is so because they "suffer[] the ongoing 'actual injury' of lack of access to the [public accommodations]." *Chapman*, 631 F.3d at 949-50 (quoting *Pickern*, 293 F.3d at 1138).

In the complaint, Strojnik alleged that he was deterred from booking a room at Xenia's hotel in two ways. Strojnik claims that (1) Xenia's website failed to provide

4

sufficient information for him to determine whether it had adequate accessibility features (*see* Compl. ¶¶ 19–22) and that (2) he personally encountered accessibility barriers when he visited Xenia's hotel in-person (*see id.*, Ex. A). Strojnik further alleged that these barriers deterred him from patronizing the hotel, but will do so once it becomes fully compliant with the ADA guidelines. *See id.* ¶¶ 11–12.

These allegations suffice under the deterrent effect doctrine. Indeed, Strojnik's allegations closely mirror those accepted by the Ninth Circuit in *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017) ("*CREEC*"). In that case, the Ninth Circuit found sufficient that:

> The Named Plaintiffs have alleged in the First Amended Complaint that they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA. They further allege that they will visit the hotels when the non-compliance is cured. Thus, the ADA violations have prevented them from staying at the hotels. Without such averments, they would lack standing. However, "construing the factual allegations in the complaint in favor of the plaintiffs," as we must at this preliminary stage, we conclude that the Named Plaintiffs have sufficiently alleged injury in fact. Their harm is "concrete and particularized," and their intent to visit the hotels once they provide equivalent shuttle service for the disabled renders their harm "actual or imminent, not conjectural or hypothetical."

*Id.* Thus, Xenia's contention that Strojnik's broad statement that "[he] intended to visit Defendant's Hotel at a specific time when the Defendant's non-compliant Hotel becomes fully compliant with ADAAG" is too hypothetical is unavailing. *See* Dkt. No. 27 at 17.

### 2. Failure to State a Claim

Xenia next argues that Strojnik did not allege enough facts about the hotel's website and architectural design to state a claim. *See* Dkt. No. 27 at 18–19. The Court discusses each in turn.

#### a. Website

Strojnik claimed that Xenia's hotel website[1] violated 28 C.F.R. 36.302(e)(1)(ii),

---

[1] The complaint also contains various allegations relating to third-party websites. *See, e.g.*, Compl. ¶¶ 16–18; Ex. A at 11–16. It is not clear why those allegations are relevant because Strojnik does not allege that Xenia was responsible for those websites.

5

which requires facilities to "identify and describe accessible features . . . in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." However, he did not explain what additional accessibility features the website failed to describe that would allow him to make that reasonable judgment. Although Strojnik alleged that he had difficulty walking and required ambulatory and wheelchair assisted lodging, it is unclear whether Xenia's website lacked information on those accommodations. Indeed, the screenshots provided by Strojnik demonstrate that Xenia's website in fact described *some* accessibility features, such as accessible hotel areas and room features. *See* Compl., Ex. A at 16–19. And it is not clear that the ADA requires Xenia to list its compliance or noncompliance with each and every ADA-mandated feature. *See, e.g.*, *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-cv-01409-HRL, 2017 WL 635474, at *9–10 (N.D. Cal. Feb. 16, 2017) (citing Department of Justice guidance explaining what level of detail is sufficient). Without further explanation, the Court is unable to determine whether the hotel's website gave Strojnik enough detail to reasonably permit him to assess whether the hotel met his needs.

Strojnik also alleged that Xenia's website reserved accessibility rooms differently than non-accessibility rooms. Strojnik gave no additional explanation of this purported difference and merely pointed to screenshots of the website. However, the screenshots provided no further insight into the allegedly different reservation procedure. As with his other website-related claim, Strojnik's vague assertions are insufficient. Accordingly, the Court GRANTS Xenia's motion to dismiss Strojnik's ADA claim as to the website. Dismissal is with leave to amend because Strojnik could conceivably allege facts curing the deficiencies outlined above.

### b. Personal Encounters

Strojnik next alleged that he encountered barriers when he visited Xenia's hotel that prevented his full use and enjoyment of the facilities. Xenia contends that Strojnik failed to allege that any specific barrier denied him access on account of his particular disability. *See* Dkt. No. 27 at 19.

As noted above, Strojnik submitted various pictures of Xenia's hotel showing the barriers he allegedly encountered. Some of those pictures reveal barriers that could be linked to Strojnik's disability. For example, Strojnik alleged that one of the doors leading outside required 14 pounds of force to open and one of the restroom doors required 16 pounds to open. Accepting these allegations as true, as the Court must on a motion to dismiss, both doors exceed the ADA-mandated limit of 5lbs of force. *See* 2010 ADA Accessibility Guideline ("ADAAG") §404.2.9. Given that Strojnik alleged that he has difficulty walking, the Court can plausibly infer that he would also have difficulty exerting the physical force necessary to open a door.

Most of the alleged barriers, however, are not so easily connected to Strojnik's alleged disability. For example, Strojnik notes that Xenia's hotel does not have a marked drop-off zone, has inaccessible check-in counters and seating, and lacks signage at an inaccessible escalator pointing to an accessible route. *See* Compl., Ex. A. But Strojnik does not allege that he requires the use of a wheelchair or has some other disability that, for example, makes him unable to use an escalator. In other words, Strojnik fails to connect his disability to the barriers alleged. *See Chapman*, 631 F.3d at 947 ("[A] 'barrier' will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability."). Indeed, Strojnik's sole attempt to do so is wholly conclusory. *See id.*, Ex. A at 39 (allegation relating to "[t]he manner in which the barriers denied [him] full and equal use or access").

Accordingly, the Court DENIES IN PART Xenia's motion to dismiss Strojnik's ADA claim to the extent it relies on non-compliant doors. The Court otherwise GRANTS IN PART Xenia's motion to dismiss Strojnik's ADA claim. As with Strojnik's website-related claim, dismissal is with leave to amend.

B. **Unruh and Disabled Persons Act**

Xenia moves to dismiss Strojnik's damages claim under the Unruh Act and the Disabled Persons Act ("DPA") for lack of statutory standing because Strojnik failed to show that he was actually denied equal access on a particular occasion. Dkt. No. 27 at 20.

1  A violation of the ADA is a violation of the Unruh Act and DPA. *See* Cal. Civ. Code § 51(f), 54(c). Unlike the ADA, however, both the Unruh Act and the DPA permit plaintiffs to recover damages in addition to injunctive relief, but California law "requires something more than mere awareness of or a reasonable belief about the existence of a discriminatory condition" before a plaintiff can recover damages. *Reycraft v. Lee*, 177 Cal. App. 4th 1211, 1221 (2009). Because the Unruh Act and the DPA permits causes of action for equitable relief to any "aggrieved" plaintiff, but limits causes of action for damages to only defendants that "deny" equal access, California courts require plaintiffs to show actual denial of access to claim damages. *See Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265–66 (2007); *compare* Cal. Civ. Code §§ 52(a), 55 *with id.* §§ 52(c)(3), 54.3. Put simply, "while virtually any disabled person can bring an action to compel compliance with the DPA under section 55, a plaintiff cannot recover damages under section 54.3 unless the violation actually denied him or her equal access to some public facility." *Turner v. Assoc. of Am. Med. Colleges*, 193 Cal. App. 4th 1047, 1059 (2011) (quoting *Urhausen*, 155 Cal. App. 4th at 265–66 (2007)).

*Urhausen* is instructive. There, a disabled plaintiff visited a drug store and chose to park in an ordinary parking space instead of an unoccupied parking space reserved for use by disabled persons. *Urhausen*, 155 Cal. App. 4th at 257. As the plaintiff walked from her parking space to the store, she did not use the disabled access aisle and curb, but instead chose to walk across a non-access aisle where she encountered a non-compliant curb. *Id.* at 258–60. That curb was too steep, causing the plaintiff to fall and fracture her wrist. *Id.* The California Court of Appeal held that the plaintiff did not establish statutory standing for her damages claim because the drug store provided an alternate means of access by way of a disability access aisle. *Id.* at 262. Because that alternate means of access was available, the drug store did not actually deny access. *Id.* at 263–65. The Court of Appeal reasoned that "equat[ing] a denial of equal access with the presence of a violation of federal or state regulations would . . . eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages

1  under section 54.3." *Id.* at 266.

2  Here, as explained above, Strojnik has stated a violation of the ADA due to Xenia's non-compliant doors. Strojnik, however, has not alleged facts that allow the Court to infer that those violations actually denied him full and equal access to the hotel. He did not, for example, allege that there were no other ADA-compliant restrooms or means of entry thereby preventing his full and equal access to the hotel's facilities. At most, Strojnik merely alleged that Xenia's hotels were not fully compliant with the ADA. This, however, is insufficient to establish statutory standing for damages. *See Urhausen*, 155 Cal. App. 4th at 265. Accordingly, the Court GRANTS Xenia's motion to dismiss Strojnik's Unruh Act and DPA claims for damages. Dismissal is with leave to amend.

### C. Negligence Per Se

Under California law, "a presumption of negligence arises from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm which the plaintiff suffered as a result of the violation of the statute.'" *Urhausen*, 155 Cal. App. 4th at 267 (quoting *Hoff v. Vacaville Unified School Dist*. 19 Cal.4th 925, 938, (1998)). District courts disagree as to whether a violation of the ADA can support a claim for negligence. *Compare Jones v. Amtrak*, No. 15-cv-02726-TSH, 2020 WL 353537, at *6 n.6 (N.D. Cal. Jan. 21, 2020) (listing cases holding that a violation of the ADA cannot support a negligence claim) *with Strojnik v. 574 Escuela, LLC*, No. 3:18-cv-06777-JD, 2020 WL 1557434, at 5 (N.D. Cal. Mar. 31, 2020) (denying motion to dismiss negligence per se claim based on alleged ADA violations).

However, it is unnecessary for the Court to resolve that disagreement. Strojnik failed to allege what injury Xenia's conduct allegedly caused. His vague allegations that Xenia caused him "damage" or "injury" (*see* Compl. ¶¶ 55, 57, 59, 65) are too vague for the Court to determine whether his injuries are the type the ADA, Unruh Act, and DPA are designed to prevent. *Cf. Urhausen*, 155 Cal. App. 4th at 268 (analyzing whether the plaintiff's fractured wrist was an injury contemplated by California's accessibility regulations). Accordingly, the Court GRANTS Xenia's motion to dismiss Strojnik's

9

negligence per se claim. Dismissal is with leave to amend.

### D. Vexatious Litigant

Under the power of 28 U.S.C. § 1651(a), the Court may enjoin litigants "with abusive and lengthy histories." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). This means that the Court may enter a pre-filing order placing restrictions on what cases vexatious litigants may file. *Id.* This is "an extreme remedy." *Id.* (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)). "The use of such measures against a pro se plaintiff should be approached with particular caution." *Id.* When a court enters a vexatious litigant order, it must (1) give notice and an opportunity to be heard to the litigant; (2) compile an adequate record for review; (3) make substantive findings that the litigant's filings are frivolous or harassing; and (4) ensure that the pre-filing order is not overly broad and is narrowly tailored. *De Long*, 912 F.2d at 1148.

Xenia's motion to declare Strojnik a vexatious litigant is premature. Before declaring a plaintiff vexatious, the Court must find that the individual's filings are not just numerous but also "patently without merit." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007). Here, however, the Court did not find that Strojnik's claims are frivolous or patently without merit. Accordingly, the Court DENIES Xenia's motion to declare Strojnik a vexatious litigant.

### IV. Conclusion

The Court DENIES Xenia's motion to dismiss as to Strojnik's ADA claim to the extent it relies on non-compliant doors. The Court otherwise GRANTS Xenia's motion to dismiss with leave to amend. Strojnik must amend his complaint or notify the Court that he does not intend to amend by **June 26, 2020**. The amended complaint may not add any claims or parties without leave of Court.

**IT IS SO ORDERED.**

Dated: June 9, 2020    _____
NATHANAEL M. COUSINS
United States Magistrate Judge